O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ANTHONY GLASS, | ) | CASE NO. ED CV 10-01482 R (RZ) |
| Petitioner, | ) | |
| | ) | ORDER RE SUMMARY DISMISSAL |
| vs. | ) | |
| MATTHEW CATE, ETC., ET AL., | ) | |
| Respondents. | ) | |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

        (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

        (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening or "gatekeeping" function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1273-74 (9th Cir. 2001). The district court therefore either must dismiss a successive petition for lack of jurisdiction or may transfer the action, in the

interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (9th Cir. 1997).

## II.

## DISCUSSION

Petitioner previously litigated a habeas petition challenging the same 1981 murder conviction that he targets in this action, and that action was determined on the merits. *See Glass v. Gomez*, No. 96-231-RT (RZ) (C.D. Cal.) (Judgment of dismissal entered July 15, 1998). The Court of Appeals for the Ninth Circuit affirmed. *Glass v. Gomez,* No. 98-56440 (9th Cir.) (Memorandum filed April 16, 1999). Accordingly, the petition in the present action is a second or successive petition. Petitioner lacks the required Court of Appeals authorization for such a successive petition. Absent such authorization, this Court lacks jurisdiction.

As his claims for relief in the current action, Petitioner does not assert the usual kinds of challenges to his conviction but, instead, requests discovery via certain requests for production of documents and interrogatories, and states that no court had conducted a hearing to assess the reliability of post-conviction documents to determine if they would prove his innocence. *Petition* at ¶ 7(b). If these are not actual claims but simply requests for discovery independent of any claims, then the Court similarly lacks jurisdiction, because there is no case or controversy. A federal court does not have jurisdiction to order discovery in the abstract.

Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: October 8, 2010

MANUEL REAL
UNITED STATES DISTRICT JUDGE